IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LORRAINE FRAZIN,<br>   *Petitioner*,<br>vs.<br>T-MOBILE USA, Inc.,<br>   *Respondent.*<br>_____<br>METROPCS, a brand of T-MOBILE USA, Inc., a Delaware Corporation,<br>   *Plaintiff*,<br>v.<br>ISAIAH MICHAEL THOMAS, et al.,<br>   *Defendants*. | MISCELLANEOUS ACTION<br><br>No. 3:18-mc-29<br><br><br><br><br><br>PENNSYLVANIA EASTERN DISTRICT<br>Civil Action No. 2:17-cv-04557 |

MOTION TO QUASH SUBPOENA
AND FOR SUPPLEMENTAL RELIEF

  Lorraine Frazin, petitioner, respectfully moves this Honorable Court to quash a subpoena, attached as App'x Exhibit A, "drop served" upon her by T-Mobile USA, Inc., which commands her to attend a deposition for a Pennsylvania case in which T-Mobile is aware that Lorraine Frazin has no relationship to the lawsuit and has no knowledge relevant to any claim or defense in that case.

# I. SUMMARY

Under cover of the Pennsylvania action, T-Mobile USA, Inc. seeks to conduct unauthorized early discovery for a cause of action that it is considering filing at a later date in Dallas, Texas. When asked about the relationship between Mrs. Frazin and the Pennsylvania lawsuit, counsel for T-Mobile explained that Mrs. Frazin's son is believed to have engaged, in Dallas, in the same *type* of activity which is subject of the Pennsylvania suit. (App'x at 11).

Counsel for T-Mobile are aware the Mrs. Frazin has no information or knowledge relevant to their Pennsylvania case, and T-Mobile has judicially admitted this fact by excluding Mrs. Frazin from its Rule 26 Disclosures and list of persons likely to have discoverable information. (App'x at 13, *et. seq.*).

Since Mrs. Frazin has no knowledge relevant to the Pennsylvania suit, and T-Mobile's counsel know this, the deposition violates both the scope of permissible discovery under Rule 26(b) and T-Mobile's obligation under Rule 26(g) to certify that T-Mobile's discovery request is consistent with the federal rules and not interposed for an improper purpose.

The Federal Rules of Procedure do not allow conducting depositions in a case filed in one jurisdiction of deponents with no relationship to the lawsuit, for the purpose of fishing for new evidence for new suits against new parties to be filed later in other jurisdictions. That is a flagrant abuse of the discovery process.

## II. BACKGROUND OF T-MOBILE'S PENNSYLVANIA SUIT

The claims involved in T-Mobile's Pennsylvania suit are similar to those filed by T-Mobile in a series of suits. In multiple suites across the country, T-Mobile has sued dozens of defendants based on claims of 'illicit' and 'unlawful' unlocking of cell phones purchased from T-Mobile.

T-Mobile wraps its claims in the cloth of vast conspiracies to engage in the illegal unlocking of cell phones purchased, (not stolen), from T-Mobile. Notably, T-Mobile consistently neglects to inform the courts that **in 2014, President Barack Obama signed into law the *Unlocking Consumer Choice and Wireless Competition Act.***[1] Pursuant to that law, Congress authorized cell phone owners' circumvention of technological measures that restrict wireless telephone handsets from connecting to wireless networks. 17 U.S.C. § 1201(c).

In other words, unlocking cell phones purchased from T-Mobile is a lawful activity authorized by an act of Congress. *Id*.

While T-Mobile self-promotes itself as having great success with its claims since 2014, the truth is opposite. T-Mobile has requested, in serial fashion, jury trials in each of its cases but appears to have <u>never</u> been able to prevail in a jury or bench trial on its claims. Instead, T-Mobile has been successful only in intimidating unsophisticated defendants into defaulting or entering stipulated judgments. It appears, moreover, that when T-Mobile is able to secure stipulated judgments by consent, those judgments are "for show" and in most, if not all, such cases, T-Mobile obtains the stipulated judgments

---

[1] 113th Congress Public Law 144.

by agreeing not to enforce them.

Recently, judges are becoming aware of T-Mobile's tactics, and in recent cases, have started to rule against T-Mobile's attempts to mislead the courts with frivolous claims and arguments. *See e.g.*, Hon. Judge Atlas' recent denial of a T-Mobile motion for Summary Judgment, (attempting to illicitly mislead the court into turning a default judgment against a defunct corporation into a summary judgment against an individual), attached at App'x page 32.

### III. LORRAINE FRAZIN

The Petitioner in this action, Lorraine Frazin, is not involved in any way in the Pennsylvania claims. In fact, T-Mobile has acknowledged that Mrs. Frazin has no knowledge relevant to the claims or defenses in that suit by omitting her from its Rule 26(a) Disclosures in that case.

In seeking to justify taking the deposition of Mrs. Frazin under guise of the Pennsylvania suit, T-Mobile asserts that Mrs. Frazin conspired with her son to purchase T-Mobile phones in Dallas for her son to unlock and sell on the internet. Mrs. Frazin's son's friend apparently purchased about 150 cell phones, paid the full contract term, and then, as allowed by law, unlocked the phones.

Even if that happened, somehow involved Mrs. Frazin, and were actionable, that has nothing to do with the claims in the Pennsylvania case. Again, counsel for T-Mobile are well aware of this, and in its Pennsylvania Rule 16(a) Disclosures T-Mobile did <u>not</u> list Mrs. Frazin as an individual with discoverable

information relating to the claims or defenses in that case.

T-Mobile's Rule 26 Disclosures, made on March 14, 2018, were made subsequent to the Tom Vanderbosch deposition taken in Dallas. Tom Vanderbosch is Mrs. Frazin's son's friend that *purchased* about 150 cell phones from T-Mobile (and fully paid for the full service commitment made to T-Mobile at the time of purchase). When making their Rule 26 Disclosures after to taking the Vanderbosch deposition, T-Mobile did not list Tom Vanderbosch as a person with information relevant to any claim or defense in the Pennsylvania case. Thus, having deposed him, T-Mobile's counsel were fully aware that Tom, and Mrs. Frazin, did not possess any information relevant to any claim or defense in the Pennsylvania case.

Lorraine Frazin has never purchased phones from T-Mobile or unlocked cell phones. Her only relationship to cell phones is that she uses an Apple I-Phone which she purchased at Walmart.

Lorraine Frazin, is not a typical subject of T-Mobile's suits, in that almost all of T-Mobile's cases are filed against minorities, the vast majority of which have Arab or middle-eastern sounding names, and for which T-Mobile, (apparently without exception), throws in allegations of terrorism and mention of "Hezbollah", (even though none of the cases seem to involve, *in any way*, terrorism or Hezbollah).[2]

---

[2] A sampling of the defendants subject to T-Mobile's vexatious, racially directed suits: Zawar Shah, Abdelhamid Abdallah Hamid, Mubashshir Chohan, Haseena Agwan, Yocelyn Villaparedes Raymond, Nassem Sayiad, Amir Qureshi, Sajid Mahmood, Alma Delia Pecina, Abdalgader Othman, Anuj Shah, Masno Agboton, and Kaleem Mohammed.

At this point, there does not even appear to be any substantive issues in dispute in the Pennsylvania case since no defendant has filed an answer in that case and defaults have been entered against most of the defendants. (App'x at 26, *et.seq.*).

## IV. LEGAL STANDARD

1. Pursuant to Fed.R.Civ.P. 26(c)(1), the Court may issue an order to protect a person from annoyance, oppression, or undue burden or expenses, including the entry of an order forbidding the discovery.

2. Pursuant to Fed.R.Civ.P. 45, the Court may issue an order quashing a subpoena that subjects a person to undue burden.

3. Fed.R.Civ.P. 26(b)(1) limits the scope of permissible discovery to nonprivileged matters relevant to a party's claim or defense involved in the action in which the discovery is sought. Pursuant to Fed.R.Civ.P. 26(b)(2)(C) the Court must limit discovery if it determines that the burden or expense of the proposed discovery outweighs its likely benefit considering the needs of the case and the importance of the issues at state in the action, and the importance of the discovery in resolving the issues.

## V. ANALYSIS AND ARGUMENT

Whether a subpoena subjects a witness to undue burden raises a question of the subpoena's reasonableness, which "requires a court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Positive Black Talk Inc. v. Cash Money Records*, 394 F.3d 357, 377 (5th Cir. 2004) citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 (2d ed. 1995).  The balance of the subpoena's benefits and burdens "calls upon the court to consider whether the information is necessary". *Id.*  Where a witness has "no personal knowledge relevant to the case", coercing their participation to provide testimony is not warranted.  *Id.*

"[R]elevance of the information requested" is the first factor in determining whether a subpoena is unduly burdensome. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004).  The Fifth Circuit has ruled that discovery should be allowed to provide access to information "necessary" to establish a claim, and not to permit a plaintiff to "go fishing". *Surles Ex Rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007); *and see Paul Kadair, Inc. v. Sony Corp. of America*, 694 F.2d 1017, 1029 (5th Cir. 1983) (intent of the Rules "is not to open the discovery net to allow a fishing expedition").

Mrs. Frazin has zero involvement in the claims subject of the Pennsylvania lawsuit and knows nothing about the facts of that case, the actors, or the claims involved.  T-Mobile does not need Lorraine Frazin's deposition for their

case in Pennsylvania. There is no issue that her testimony will resolve in that suit.

T-Mobile's attempt to use the Pennsylvania case to conduct discovery in Dallas in an attempt to develop evidence to use in a new case to be filed in the future against individuals in Dallas, flagrantly violates the Federal Rules of Civil Procedure. Fed.R.Civ.P. 26(b)(1) limits the scope of discovery in a case to matters that are relevant to a party's claim or defense in that case.

Imposing upon Mrs. Frazin the burden of attendance at an oral deposition in a Pennsylvania case in which she has no part and holds no knowledge, would unfairly and improperly impose upon her the undue burden of lost work and expenses for representation of counsel at the deposition.

## VI. REQUEST FOR FEES AND SANCTIONS

Pursuant to Fed.R.Civ.P. 26(g)(1), the signature of Respondent's counsel on the subpoena issued against Lorraine Frazin constitute a certification by T-Mobile's counsel that the discovery was consistent with the Rules, including Rule 26(b)(1), and was interposed for no improper purpose, including harassment, and was neither unreasonable considering the needs of the case and the importance of the issue at stake *in the action in which the subpoena was issued in.*

T-Mobile, (and its counsel) violated their legal duty, with respect to the subpoena subject of this motion. T-Mobile and its counsel knew that Mrs. Frazin does not have knowledge of the Pennsylvania lawsuit or the claims or

defenses therein—and clearly did not list Mrs. Frazin as a person with information in their Rule 26 Disclosures in that case. T-Mobile clearly has no need for Mrs. Frazin's deposition *for the Pennsylvania case.*

Counsel for T-Mobile admitted to the undersigned that the purported relation between Mrs. Frazin's purported knowledge and the Pennsylvania lawsuit is that T-Mobile accuses her son's friend of engaging in the same *type* of conduct as involved in the Pennsylvania case. (App'x at 10). Moreover, in discussing the specifics of the purported knowledge of Mrs. Frazin, counsel for T-Mobile made representations that lack candor, to wit:

Counsel for T-Mobile falsely represented that Tom Vanderbosch testified in his deposition that Mrs. Frazin directed Tom to purchases phones from T-Mobile and that the phones were stored in her home in Dallas. (App'x at 10-11). Upon investigation, it was discovered that T-Mobile's representations are false. <u>Neither</u> fact was testified to by Mr. Vanderbosch. (App'x at 12).

Moreover, even if the purported facts were true, they are not relevant to any claim or defense in the Pennsylvania suit and fall well outside of the permissible scope of discovery pursuant to Fed.R.Civ.P. 26(b)(1).

Pursuant to Fed.R.Civ.P. 26(g)(3), when a party's certification violates the rules without substantial justification, the Court <u>must</u> impose an appropriate sanction on the signer, the party on whose behalf the signer was action, or both. The sanction may include reasonable expenses, including attorney's fees caused by the improper discovery attempt. *Id.*

## VII. PRAYER

Based on the foregoing, this Honorable Court is requested to enter an order quashing the subpoena subject of these proceedings. In the alternative, pursuant to Fed.R.Civ.P. 26(c)(1), Lorraine Frazin respectfully prays for the entry of an order (i) forbidding the discovery requested by the Respondent, or, (ii) limiting the scope of discovery to the facts and claims in the Pennsylvania lawsuit and/or (iii) requiring that any deposition be taken upon written questions to prevent Mrs. Frazin from missing work and, to substantially reduce her expenses for attorneys fees that would be involved in an oral deposition.

Further, Lorraine Frazin respectfully requests that she be awarded her costs, including reasonable attorney's fees, incurred in the making of this motion. (App'x at 12). Because the subpoena was served (1) in flagrant violation of the rules, and (2) for an improper purpose, Petitioner requests that the Court consider the imposition of substantial additional sanctions against the Respondent for flagrant abuse of federal discovery, as may be appropriate.

Dated: April 18, 2018

                                        Respectfully submitted,

                                        /s/ Gary N. Schepps
                                        Gary N. Schepps
                                        Texas Bar No. 00791608
                                        Drawer 670804
                                        Dallas, Texas 75367
                                        (972) 200-0000 - Telephone
                                        (972) 200-0535 - Facsimile
                                        legal@schepps.net
                                        Counsel for Lorraine Frazin

## CERTIFICATE OF SERVICE

I certify that this Motion was served this day on all parties who receive notification through the Court's electronic filing system.

/s/ Gary N. Schepps

## CERTIFICATE OF CONFERENCE

I certify that conference was attempted in good faith with counsel of record for the Respondent, prior to the filing of this motion, in an effort to resolve the dispute without court action and as to whether the relief requested herein could be agreed to. The conference attempts were not successful. The Respondent's counsel refused to resolve the dispute and, to the best of my understanding, the requested relief is not agreed to at this time.

CERTIFIED BY:   /s/ Gary N. Schepps