# *Appendix Contents*

**TAB A**................................................................................................**2**

    EXHIBIT A - April 16 2018 Subpoena on Lorraine Frazin...........................3

**TAB B**................................................................................................**10**

    **Schepps Declaration**............................................................................**11**

        EX. B - 3-14-18 T-MOBILE RULE 26 DISCLOSURES...................13

        EX. C - DOCKET IN PENNSYLVANIA EASTERN

        DISTRICT  NO 217-cv-04557...........................................................26

**TAB C**................................................................................................**31**

    8-09-17 MEMORANDUM AND ORDER DENIED 75

    MOTION for Summary Judgment Against Defendant Zawar H.

    Shah (Signed by Judge Nancy F Atlas)  [90]...................................32

# TAB A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| METROPCS, a brand of T-MOBILE USA, Inc., a Delaware Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>ISAIAH MICHAEL THOMAS, et al,<br>       Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No: 2:17-cv-04557-MMB<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S SUBPOENA DUCES TECUM TO PRODUCE DOCUMENTS
## AND TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    **Lorraine R. Frazin**
          **6930 Elmridge Drive**
          **Dallas, Texas 75240**

☒  *Testimony*:  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.

| Place:<br>GRAY REED & McGRAW, P.C. c/o April R. Terry<br>1601 Elm Street, Suite 4600<br>Dallas, Texas 75201<br>**QUESTIONS:**<br>**Amanda Jesteadt, Carlton Fields (561) 650-0354** | Date and Time:<br><br>**April 19, 2018 at 9:00 a.m.** |
|---|---|

    The deposition will be recorded by this method: <u>oral examination to be transcribed by a court reporter.</u>

☒  *Documents:* **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**SEE "EXHIBIT A" FOR DOCUMENTS THAT MUST BE PRODUCED**

| Place:<br>GRAY REED & McGRAW, P.C. c/o April R. Terry<br>1601 Elm Street, Suite 4600<br>Dallas, Texas 75201<br>**QUESTIONS:**<br>**Amanda Jesteadt, Carlton Fields (561) 650-0354** | Date:<br><br>**April 19, 2018 at 9:00 a.m.** |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>March 30, 2018</u>

CLERK OF COURT                  OR

_____      _____
*Signature of Clerk or Deputy Clerk*         *Attorney Signature*

The name, address, e-mail, and telephone number of the attorney representing **Plaintiff** who issues or requests this subpoena is: **Jennifer . Yasko, Email: jyasko@carltonfields.com, CARLTON FIELDS JORDEN BURT, P.A., 525 Okeechobee Blvd., Suite 1200, West Palm Beach, FL 33401; Tel: 561-659-7070.**

Civil Action No: 2:17-cv-04557-MMB
Eastern District of Pennsylvania

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (name of individual and title, if any)_____.
was received by me on (date)_____.

☐ I served the subpoena by delivering a copy to the named individual as follows:_____

_____on (*date*)_____; or

☐ I returned the subpoena unexecuted because:_____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

My fees are $_____for travel and $_____for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date:_____        _____
                                            *Server's Signature*

                                   _____
                                            *Printed name and title*

                                   _____
                                            *Server's address*

Additional information regarding attempted service, etc.

114156649.1

AO 88B (Rev. 12/13)  Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**
**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.
**(2) For Other Discovery.** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
**(2) Command to Produce Materials or Permit Inspection.**
    **(A) Appearance Not Required.** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) Objections.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested.
The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3) Quashing or Modifying a Subpoena.**
    **(A) When Required.** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B) When Permitted.** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) Specifying Conditions as an Alternative.** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**
**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
    **(A) Documents.** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) Form for Producing Electronically Stored Information Not Specified.** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) Electronically Stored Information Produced in Only One Form.** The person responding need not produce the same electronically stored information in more than one form.
    **(D) Inaccessible Electronically Stored Information.** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2) Claiming Privilege or Protection.**
    **(A) Information Withheld.** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) Information Produced.** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

Except as defined below, all words used in these requests for production shall be construed according to their ordinary accepted meanings, unless some other meaning is clear from the context.

1.      "You" and "Your" shall mean and include Lorraine R. Frazin and each of her employees, accountants, agents, attorneys, representatives, investigators, consultants, partners or other persons or entities acting or purporting to act for her or on her behalf, and any corporation, partnership, proprietorship, doing business as name, trade name, or entity of any type in which she has an interest or that she is in any way affiliated or associated with, and any parent, subsidiary, affiliate, licensee, franchisee, sister corporation or predecessor of same.

2.      "Defendants" shall mean and include Isaiah Michael Thomas, individually and d/b/a Go Phonez, Zamir Jefferson, Christopher Alexander T. Johnson, Brion R. Benson, Rolan Stephens, Keosha Lawson, and Nina Stewart and each and all of Defendants' past and present companies, agents, employees, heirs, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for Defendants or on Defendants' behalf, including, but not limited to, any corporation, partnership, association, proprietorship or entity of any type that is in any way affiliated or associated with Defendants or one of Defendant's representatives, agents, assigns, employees, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendants.

3.      "Document" or "documentation" shall mean each and every written, recorded, or graphic matter of any kind, type, nature, or description that is in your possession, custody, or control or of which you have knowledge, including but not limited to correspondence, memoranda, tapes, or handwritten notes, written forms of any kind, charts, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, facsimiles, email messages, text messages, spreadsheets, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, or pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including, but not limited to, drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or are otherwise not identical to the original documents, as well as any affidavits, statements, summaries, opinions, reports, studies, analyses, computer print-outs, data processing input/output, website screen shots, databases, electronic code, e-mails and all other records kept by electronic means, photographic or mechanical means, and other things similar to any of the foregoing.

4.      To "identify" a document means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:
        a.      the title or other means of identification of the document;
        b.      the date of the document;
        c.      the author of the document;

1

d.      the recipient or recipients of the document;

e.      the subject matter of the document;

f.      the present location of any and all copies of the document; and

g.      the names and current addresses of any and all persons who have possession, custody or control of the document or copies thereof.

5.      "Person" means natural persons, individuals, firms, corporations, partnerships, proprietorships, joint ventures, unincorporated associations, government agencies, and all other organizations or entities of any type.

6.      To "identify" a person means to state the person's full name, present or last known address and telephone number, and present or last known business affiliation and title.

7.      The phrase "contact or communication" includes all instances in which information has been transmitted from one person or entity to another, including, but not limited to, telephone conversations, meetings, conferences, correspondence, other mailings, facsimiles, email, or other data transmissions of any type or nature, whether oral, electronic, or written.

8.      To "identify" a contact or communication means to state the date of the contact or communication, the person or persons involved in, participating in, or present at the contact or communication, and the nature or type of the contact or communication.

9.      The term "entity" means corporations, companies, businesses, partnerships, proprietorships, or fictitious or trade names.

10.      The singular and masculine form of any word shall embrace, and shall be read and applied as embracing, the plural, the feminine, and the neuter.

11.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request for production all responses which might otherwise be construed to be outside the scope.

12.      The term "each" includes the word "every" and "every" includes the word "each." The term "any" includes the word "all" and "all" includes the word "any." The terms "and" as well as "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of the request for production responses which might otherwise be construed to be outside the scope.

13.      "Customers" includes, but is not limited to, all individuals, companies, entities, resellers or third parties to whom you (or any other entity that you are affiliated with) have sold Products and/or information.

14.      "Product(s)" means any product, good, or service manufactured, distributed, sold, or offered for sale by T-Mobile USA, Inc. under any of its brands, including MetroPCS, as well as any instance where there is no express identification that the product, good or service is affiliated with another wireless carrier (*e.g.*, Sprint, AT&T or Verizon), including but not limited

to Handsets and Activation Materials, and expressly including any and all confidential activation codes.

15. "Handset(s)" means any phone or handset manufactured, distributed, sold, or offered for sale by T-Mobile USA, Inc. under any of its brands, including MetroPCS, as well as any instance where there is no express identification that the product, good or service is affiliated with another wireless carrier (*e.g.*, Sprint, AT&T or Verizon), either in their original condition or after having been reprogrammed or otherwise altered or tampered with.

16. "Activation Materials" shall mean any SIM Cards, PIN numbers, codes, and/or other mechanism, process, instructions or materials used to activate service or acquire airtime in connection with a new activation.

17. "Alter," "alteration," or "altering" means to modify, unlock, reprogram or change in any way, or to attempt to modify, unlock, reprogram or change in any way, any Handset.

18. The term "relating to" shall be construed as to include indicating, referring to, mentioning, reflecting, pertaining to, evidencing, involving, describing, discussing, supporting, or contradicting.

## TIME FRAME

Unless otherwise indicated, these requests for production cover the time period from October 12, 2012 up to and including the date of your response hereto.

## DOCUMENTS TO BE PRODUCED

1. All documents relating to the Defendants.

2. All documents reflecting, referencing or related to transactions between you and Defendants including, but not limited to, purchase orders, receipts, sales orders, invoices, shipping records, statements, and communications.

3. All documents reflecting, referencing or related to your acquisition and/or sale of any Products.

4. All purchase orders, receipts, sales orders, invoices, statements, shipping records, communications, and other documents evidencing or relating to your purchase, advertisement, and/or sale of Products.

5. All purchase orders, receipts, sales orders, invoices, statements, communications, and other documents evidencing or relating to your purchase and/or sale of Products from or to the Defendants.

6. All documents constituting, referencing or related to any emails and/or communications between you and any of the Defendants.

7.      All documents, including but not limited to, communications and e-mail correspondence, relating to, showing, discussing or evidencing the alteration of any Products (*e.g.,* unlocking, unpackaging, flashing, repackaging).

8.      All of your general ledgers, check registers, accounts, books of account, financial statements, canceled checks, electronic or credit card charge receipts and similar accounting/bookkeeping records that reference or reflect, either expressly or otherwise, finances or transactions relating to any of the Defendants.

9.      All documents that you received, requested, accessed, or to which you were provided access reflecting Defendants' solicitation, advertising, purchasing, and selling of any Products (*e.g.,* emails, ads, email blasts, webpages).

10.     All documents relating to any investigation conducted by a state or federal law enforcement agency, customs agency, or other state or federal investigative agency or department, relating to you purchasing, selling, altering, shipping, or advertising any Handset.

11.     All documents and correspondence related to your involvement in any lawsuit involving the purchasing, selling, altering, shipping, or advertising any Products or services.

114156649.1

# TAB B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **LORRAINE FRAZIN,** | § | |
| *Petitioner,* | § | **MISCELLANEOUS ACTION** |
| **v.** | § | |
| | § | **No.** _____ |
| **T-MOBILE USA, Inc.,** | § | |
| *Respondent.* | § | |
| | § | |
| ──────────────── | § | |
| | § | |
| **METROPCS, a brand of T-MOBILE** | § | |
| **USA, Inc., a Delaware Corporation,** | § | |
| *Plaintiff,* | § | **E.D. PENNSYLVANIA** |
| **v.** | § | |
| | § | **Civil Action No. 2:17-cv-04557** |
| **ISAIAH MICHAEL THOMAS, et al.,** | § | |
| *Defendants.* | § | |

## <u>DECLARATION OF GARY SCHEPPS</u>

My Name is Gary Schepps.   I am over 18 years of age and am competent to make this declaration and to testify to the matters stated herein.  I have personal knowledge of the matters set forth herein, which I acquired in the course of my work as Counsel for Lorraine Frazin, Petitioner in the above entitled and numbered cause.

1.  The attached Exhibit "B" is a true and correct copy of the Rule 26(a) Disclosures of T-Mobile USA, Inc., in the Pennsylvania suit, which was delivered to me.

2.  The attached Exhibit "C" is a true and correct copy of the Docket Sheet in the Pennsylvania suit, printed from PACER.

3.  I conferred both in writing and by telephone with counsel for T-Mobile in the Pennsylvania suit and inquired as to the relevance of information known to Mrs. Frazin to the claims in the Pennsylvania suit.   Counsel for T-Mobile responded that Mrs. Frazin engaged in a scheme using "identical activities" to those described in the Pennsylvania suit.   Counsel for T-Mobile accused Mrs. Frazin of being involved in a "scheme" to obtain new phones from T-Mobile with the intent to resell the phones "online and elsewhere".

APPENDIX  Page 11

4. T-Mobile's counsel suggest a "need to take further legal action" against Mrs. Frazin, and demanded an agreement that she "immediately and permanently cease" "activities targeting any and all T-Mobile products" for purchase, and that she enter into "a negotiated settlement amount for damages".

5. Counsel for T-Mobile represented to me that Tom Vanderbosch testified in his deposition that Mrs. Frazin directed Tom to purchase phones from T-Mobile and that the phones are stored in her home in Dallas.   Upon investigation, it was discovered that T-Mobile's representations as to what Mr. Vanderbosch stated are false.  Neither allegation was made by Mr. Vanderbosch.

6. Counsel for T-Mobile represented to me in writing that it intends to proceed with a deposition of Mrs. Frazin on May 19th, and represented that such date was noticed upon Mrs. Frazin in a subpoena duces tecum served upon her.  T-Mobile's representations notably conflict with the text of the subpoena 'drop' served on Mrs. Frazin.

7. The work necessitated in investigating and preparing this motion were substantially increased because T-Mobile's counsel made a series of representations that, unfortunately, were false and misleading.  Because counsel for T-Mobile did not make disclosures to me in candor, I was required to investigate the underlying claims in the Pennsylvania suit,  the status of the suit, T-Mobile's discovery responses and disclosures in the Pennsylvania suit,  the contents of the Vanderbosch deposition,  the underlying law as to T-Mobile's (wholly false) claims that the law prohibits purchase, unlocking, and resale of cell phones,  and inquiry into T-Mobile's prior suits in light of T-Mobile's (false and misleading) representations to me that courts around the country had ruled in favor of T-Mobile's claims.  I was required to expend over 24 hours of attorney's time in preparation of this motion, to date.  My hourly rate for federal work is $795.00/per hour, a rate recognized as a reasonable rate for work in this district.  My fee to date for this motion is $19.080.00, which fee is reasonable and was necessary in light of T-Mobile's counsels' misleading representations to me and refusal to withdraw their deposition notice.

I declare under penalty of perjury that the foregoing is true and correct.

Declared on this the 18th Day of April, 2018 at Dallas, Texas.

*Gary Schepps*

Gary Schepps

---

DECLARATION OF GARY SCHEPPS                                    Page 2 of 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| METROPCS, a brand of T-MOBILE USA, Inc., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No: 2:17-cv-04557-MMB |
| ISAIAH MICHAEL THOMAS, individually and d/b/a GO PHONEZ, ZAMIR JEFFERSON, CHRISTOPHER ALEXANDER T. JOHNSON, BRION R. BENSON, ROLAN STEPHENS, KEOSHA LAWSON, and NINA STEWART, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff T-Mobile USA, Inc., for itself and its MetroPCS brand (collectively "MetroPCS" or "Plaintiff"), hereby serves its initial discovery disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

MetroPCS makes these disclosures based on information reasonably available to MetroPCS as of this date, although its investigation into the facts of this case is continuing. By making these disclosures, MetroPCS does not represent that it is identifying every document, tangible thing or witness possibly relevant to this lawsuit; nor does MetroPCS waive its right to raise valid objections to the production of any person, document or tangible thing disclosed. Rather, MetroPCS's disclosures represent a good faith effort to identify information reasonably believed to be discoverable and relevant to the factual disputes alleged with particularity in the pleadings, as required by Fed. R. Civ. P. 26(a)(1). All of the disclosures set forth below are made subject to the above qualifications.

(1)     The name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information that Plaintiff may use to support its claims or defenses, unless the use would be solely for impeachment.

See Attachment A.

(2)     A copy or a description by category and location of all documents, electronically stored information, and tangible things that Plaintiff has in its possession, custody, or control and may use to support their claims or defenses, unless the use would be solely for impeachment.

See Attachment B.

(3)     A computation of each category of damages claimed by Plaintiffs, which must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

MetroPCS is seeking a permanent injunction as well as an award of compensatory, consequential, statutory, punitive, and special damages against Defendants. Plaintiff's financial losses due to Defendants' activities include, but are not limited to: lost subsidies and other investment costs, lost profits, loss of goodwill and damage to MetroPCS's reputation, costs incurred in responding to and resolving the effects of Defendants' activities, the cost of corrective advertising, Lanham Act damages, and exemplary damages in an amount to be determined by the trier of fact. In addition, MetroPCS has claimed by way of monetary recovery, Defendants' gross profits and unjust enrichment.

2

To determine the precise damages caused by Defendants' conduct, additional discovery is necessary.  Moreover, documents regarding the extent of MetroPCS's losses and Defendants' profits are in Defendants' possession and the possession of third-parties.

MetroPCS reserves the right to supplement this response, as necessary, when the information becomes available to MetroPCS.

(4)    **Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

None.

Dated: March 14, 2018.

By: _____
Adam P. Schwartz
PA Bar. No. 76769
Email: aschwartz@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
4221 West Boy Scout Blvd., Suite 1000
Tampa, Florida 33607
Phone: (813) 223-7000
Fax: (813) 229-4133

James B. Baldinger (*Admitted pro hac vice*)
Florida Bar No. 869899
Email: jbaldinger@carltonfields.com
Stacey K. Sutton (*Admitted pro hac vice*)
Florida Bar No. 289530
Email: ssutton@carltonfields.com
Amanda R. Jesteadt (*Admitted pro hac vice*)
Florida Bar No. 73149
Email: ajesteadt@carltonfields.com
Jennifer A. Yasko (*Admitted pro hac vice*)
Florida Bar No. 109604
Email: jyasko@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Phone: (561) 659-7070

3

Fax: (561) 659-7368
*Attorneys for Plaintiff*

4

APPENDIX  Page 16

## CERTIFICATE OF SERVICE

This is to certify that a copy of this document was served on the following parties by email (where indicated) and by depositing a copy in the United States Mail, postage prepaid, addressed as follows:

Nina Stewart
612 N. Donar Street
Columbia, SC 26229
nina013061@gmail.com
*Defendant*

Christopher Alexander T. Johnson
323 West Zeralda Street
Philadelphia, PA 19144
*Defendant*

Zamir Jefferson
3908 Melon Street
Philadelphia, PA 19104
*Defendant*

Dated:  March 14, 2018

_____
Jennifer A. Yasko
*Counsel for Plaintiff*

5

## ATTACHMENT A

MetroPCS complies with its obligation under Rule 26(a)(1)(A)(i) by identifying below the name and, if known, the address and telephone number of each individual likely to have discoverable information along with the subjects of that information that MetroPCS may use to supports its claims, exclusive of those individuals that MetroPCS may call solely for impeachment.

As discovery is still in the initial stages, additional witnesses may be identified as this case progresses. If any such witnesses are so identified, MetroPCS will disclose their identity, as necessary. The individuals presently known to MetroPCS who have knowledge regarding MetroPCS's claims against Defendants are as follows:

1.     MetroPCS Corporate Representative – has information regarding MetroPCS's trademark rights, losses suffered by MetroPCS as a result of Defendants' actions, the impact of Defendants' actions on MetroPCS's business reputation and the expenses incurred by MetroPCS in addressing Defendants' actions, information regarding the impact of Defendants' actions on MetroPCS's relationships with its vendors, dealers and customers, knowledge regarding the purpose of locking MetroPCS's handsets, general knowledge regarding MetroPCS's claims and damages, and other information relevant to this litigation. Plaintiff should only be contacted through counsel.

2.     John Neil, MetroPCS Vice President for Field Operations & Financial Control – has information regarding MetroPCS's investigation into the fraudulent activities of Defendants, the unlawful acquisition and resale of MetroPCS handsets, and other information relevant to this matter. Mr. Neil should only be contacted through MetroPCS's counsel.

APPENDIX  Page 18

3.      Isaiah Michael Thomas, individually and d/b/a Go Phonez – 6630 Sprague Street, Apt. A2, Philadelphia, Pennsylvania 19119 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

4.      Christopher Alexander T. Johnson – 323 West Zeralda Street, Philadelphia, Pennsylvania 19144 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

5.      Brion R. Benson – 1126 Magnolia Avenue, Apt. A, Camden, New Jersey 08103 and 1123 Magnolia Avenue, Camden, New Jersey 08103 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

6.      Rolan Stephens – 1228 West Venango Street, Philadelphia, Pennsylvania 19140 and 909 69th Avenue, Apt. 2, Philadelphia, Pennsylvania 19126 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

7.      Keosha Lawson – 6630 Sprague Street, Apt. A2, Philadelphia, Pennsylvania 19119 and 3641 N. Marshall Street #903, Philadelphia, Pennsylvania 19140 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

7

8.   <u>Nina Stewart</u> – 612 N. Donar Street, Columbia, South Carolina 26229 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

9.   <u>Zamir Jefferson</u> – 3908 Melon Street, Philadelphia, Pennsylvania 19104 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

10.   <u>Michael Johnson</u> – 323 West Zeralda Street, Philadelphia, Pennsylvania 19144 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

11.   <u>Angelica Thomas</u> – address unknown – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

12.   <u>Troy Thomas</u> – 612 N. Donar Street, Columbia, South Carolina 26229 – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

13.   <u>Gianni Thomas</u> – address unknown – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

14.     Stephanie Thomas – address unknown – knowledge regarding Defendants' conduct and dealings in MetroPCS products and services and other information relevant to this litigation, including the extent of damage to MetroPCS as a result of Defendants' actions.

15.     Facebook Corporate Representative – c/o Registered Agent – is believed to have knowledge regarding Defendants' advertising, purchases, sales, dealings, shipments and deliveries of MetroPCS products and other information relevant to this litigation.

16.     Hal Leshner, Stumar Investigations – has information regarding the investigation of Defendants' fraudulent activities, the unlawful acquisition and resale of MetroPCS handsets, and other information relevant to this matter.  The investigator should only be contacted through MetroPCS's counsel.

17.     Stuart Drobny, Stumar Investigations – has information regarding the investigation of Defendants' fraudulent activities, the unlawful acquisition and resale of MetroPCS handsets, and other information relevant to this matter.  The investigator should only be contacted through MetroPCS's counsel.

18.     Steve Galambos, Stumar Investigations – has information regarding the investigation of Defendants' fraudulent activities, the unlawful acquisition and resale of MetroPCS handsets, and other information relevant to this matter.  The investigator should only be contacted through MetroPCS's counsel.

19.     Julio Bernal, Stumar Investigations – has information regarding the investigation of Defendants' fraudulent activities, the unlawful acquisition and resale of MetroPCS handsets, and other information relevant to this matter.  The investigator should only be contacted through MetroPCS's counsel.

20.     Margaret Walker, Stumar Investigations – has information regarding the investigation of Defendants' fraudulent activities, the unlawful acquisition and resale of MetroPCS handsets, and other information relevant to this matter.  The investigator should only be contacted through MetroPCS's counsel.

21.     Rick Szlachta, Stumar Investigations – has information regarding the investigation of Defendants' fraudulent activities, the unlawful acquisition and resale of MetroPCS handsets, and other information relevant to this matter.  The investigator should only be contacted through MetroPCS's counsel.

22.     All companies and individuals identified as doing business in MetroPCS products or services with Defendants, as reflected in purchase orders, invoices, email, and other similar documents produced by Defendants.  These people and entities are believed to have knowledge of Defendants' conduct as described in the Complaint, including the illicit acquisition, resale and shipment of new MetroPCS handsets.  These individuals and companies have not yet been identified by name to MetroPCS, but are known to Defendants.

23.     Present and former employees, subcontractors, representatives, partners, suppliers, runners, and others who worked formally or informally for Defendants in connection with the acquisition, resale, advertising, tampering, and/or shipping of MetroPCS products and services and, therefore, have knowledge of Defendants' conduct as described in the Complaint.  These individuals have not yet been identified by name to MetroPCS, but are known to Defendants.

24.     Present and former customers and vendors of the Defendants who have knowledge of Defendants' conduct as described in the Complaint, including the acquisition,

10

resale, tampering, and shipment of new MetroPCS handsets.  These individuals and companies have not yet been identified by name to MetroPCS, but are known to Defendants.

      25.     The individual or individuals, not yet identified by Defendants, who aided, assisted, and/or instructed Defendants on methods to defraud MetroPCS.

     MetroPCS reserves the right to supplement this list as discovery progresses

11

**ATTACHMENT B**

MetroPCS complies with its obligation under Rule 26(a)(1)(A)(ii) by providing the following "description by category and location of all documents, electronically stored information, and tangible things" that MetroPCS has in its possession, custody and control and may use to support its claims against Defendants, exclusive of materials MetroPCS may use solely for impeachment. As discovery in this case is in the initial stages, additional documents may be discovered as the case progresses. If any such documents are discovered, MetroPCS will promptly identify them.

**(i) Description by category:**

1. Documents reflecting Defendants' participation in the Scheme described in the Complaint.

2. The Terms and Conditions governing the use of MetroPCS handsets and services. *See* Exhibit A to MetroPCS's Complaint. [DE 1-1].

3. Documents reflecting MetroPCS's damages.

4. Documents reflecting MetroPCS's trademark rights.

**(ii) Location of materials:**          Carlton Fields Jorden Burt, P.A.
                                          CityPlace Tower
                                          525 Okeechobee Blvd., Suite 1200
                                          West Palm Beach, Florida 33401

                                          **and/or**

                                          T-Mobile USA, Inc.
                                          12920 SE 38th Street
                                          Bellevue, Washington 98006

                                          **and/or**

                                          MetroPCS
                                          2250 Lakeside Boulevard
                                          Richardson, Texas 75082

APPENDIX  Page 24

MetroPCS also believes that Defendants and third-parties have documents and/or tangible things that support MetroPCS's claims, including but not limited to email communications, advertisements, handsets, handset packaging and materials, bank statements and other financial records, and purchase, sale and shipping records.  These documents and/or tangible things are not in MetroPCS's possession, custody or control at this time.

MetroPCS will supplement this list as needed.  MetroPCS expressly reserves the right to identify and use documents from additional categories and sources if, in the course of discovery and investigation relating to this case, MetroPCS learns that such additional categories or sources contain relevant documents.

13

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:17-cv-04557-MMB

METROPCS v. THOMAS et al
Assigned to: HONORABLE MICHAEL M. BAYLSON
Cause: 15:1051 Trademark Infringement

Date Filed: 10/12/2017
Jury Demand: Plaintiff
Nature of Suit: 840 Property Rights:
Trademark
Jurisdiction: Federal Question

**Plaintiff**

**METROPCS**
*A BRAND OF T-MOBILE USA, INC., A*
*DELAWARE CORPORATION*

represented by **ADAM PAUL SCHWARTZ**
CARLTON FIELDS
4221 W BOY SCOUT BLVD STE 1000
TAMPA, FL 33607
813-229-4336
Email: aschwartz@CFJBLaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**ALANA ZORRILLA-GASTON**
CARLTON FIELDS JORDEN BURT, PA
525 OKEECHOBEE BLVD
SUITE 1200
WEST PALM BEACH, FL 33401
561-659-7070
Email: agaston@carltonfields.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**AMANDA R. JESTEADT**
CARLTON FIELDS JORDEN BURT PA
525 OKEECHOBEE BLVD SUITE 1200
WEST PALM BEACH, FL 33401
561-659-7070
Email: ajesteadt@carltonfields.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JAMES B. BALDINGER**
CARLTON FIELDS JORDEN BURT PA
CITY PLACE TOWER
525 OKEECHOBEE BLVD STE 1200
WEST PALM BEACH, FL 33401
561-659-7070
Email: jbaldinger@carltonfields.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JENNIFER A. YASKO**
CARLTON FIELDS JORDEN BURT PA
CITY PLACE TOWER SUITE 1200
525 OKEECHOBEE BLVD
WEST PALM BEACH, FL 33401-6350

561-659-7070
Email: jyasko@carltonfields.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**STACEY K. SUTTON**
CARLTON FIELDS JORDEN BURT, P.A.
CITYPLACE TOWER
525 OKEECHOBEE BLVD
SUITE 1200
WEST PALM BEACH, FL 33401
561-659-7070
Email: ssutton@carltonfields.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ISAIAH MICHAEL THOMAS**
*INDIVIDUALLY AND*
*doing business as*
GO PHONEZ

**Defendant**

**ZAMIR JEFFERSON**

**Defendant**

**CHRISTOPHER ALEXANDER T. JOHNSON**

**Defendant**

**BRION R. BENSON**

**Defendant**

**ROLAN STEPHENS**

**Defendant**

**KEOSHA LAWSON**

**Defendant**

**NINA STEWART**                    represented by   **NINA STEWART**
612 N. DONAR DRIVE
COLUMBIA, SC 29220
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 04/17/2018 | 34 | *AMENDED* NOTICE (new time) of Hearing: PRELIMINARY PRETRIAL CONFERENCE AND ALL OPEN MOTIONS SET FOR 4/19/2018 12:00 PM IN COURTROOM 3A BEFORE HONORABLE MICHAEL M. BAYLSON.(lds, ) (Entered: 04/17/2018) |
| 04/13/2018 | 33 | MOTION for Default Judgment against Defendant Isaiah Michael Thomas, individually and d/b/a Go Phonez, Zamir Jefferson, Brion R. Benson, Rolan Stephens, and Keosha Lawson, |

| | | |
|---|---|---|
| | | MOTION for Permanent Injunction filed by METROPCS.Memorandum, Declaration. (Attachments: # 1 Memorandum, # 2 Exhibit A - Declaration of Stacey K. Sutton, # 3 Exhibit B - Declaration of Stuart Drobny, # 4 Exhibit C - Declaration of John Neil, # 5 Text of Proposed Order)(YASKO, JENNIFER) (Entered: 04/13/2018) |
| 03/23/2018 | | Default Entered (jl, ) (Entered: 03/26/2018) |
| 03/23/2018 | | DEFAULT BY ZAMIR JEFFERSON FOR FAILURE TO APPEAR, PLEAD OR OTHERWISE DEFEND. (jl, ) (Entered: 03/26/2018) |
| 03/23/2018 | 32 | Request for Default METROPCS against ZAMIR JEFFERSON. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(YASKO, JENNIFER) (Entered: 03/23/2018) |
| 03/16/2018 | 31 | NOTICE of Hearing: PRETRIAL CONFERENCE SET FOR 4/19/2018 02:00 PM IN COURTROOM 3A BEFORE HONORABLE MICHAEL M. BAYLSON. Attached is a Conference Information Report which you are required to complete and forward to the Court at least two days prior to the day of the conference. Do not have this Report docketed. Also attached is the Courts Pretrial and Trial Procedures. (Attachments: # 1 Supplement, # 2 Supplement)(lds, ) (Entered: 03/16/2018) |
| 03/05/2018 | | Copy of Order dated 2/21/18 and envelope returned from the U.S. Postal Service addressed to NINA STEWART for the following reason: UNABLE TO FORWARD. (jl, ) (Entered: 03/05/2018) |
| 02/27/2018 | 30 | SUMMONS Returned Executed by METROPCS re: Steve Galambos served Summons and Complaint upon ZAMIR JEFFERSON by Service at Residence. ZAMIR JEFFERSON served on 2/22/2018, answer due 3/15/2018. (YASKO, JENNIFER) (Entered: 02/27/2018) |
| 02/21/2018 | 29 | ORDER THAT DEFENDANT'S MOTION NINA STEWART MOTION TO DISMISS IS DENIED; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 2/21/18. 2/21/18 ENTERED AND COPIES MAILED, E-MAILED AND MAILED TO PRO SE.(jl, ) (Entered: 02/21/2018) |
| 02/21/2018 | 28 | MEMORANDUM AND ORDER THAT DEFENDANT'S NINA STEWART MOTION TO DISMISS IS DENIED; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 2/21/18. 2/21/18 ENTERED AND COPIES MAILED TO PRO SE, E-MAILED, MAILED. (jl, ) (Entered: 02/21/2018) |
| 02/05/2018 | 27 | ORDER THAT THE APPLICATION OF AMANDA JESTEADT TO APPEAR PRO HAC VICE IS GRANTED; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 2/5/18. 2/5/18 ENTERED AND COPIES MAILED, E-MAILED.(jl, ) (Entered: 02/05/2018) |
| 02/05/2018 | 26 | ORDER THAT THE APPLICATION OF JENNIFER YASKO TO APPEAR PRO HAC VICE IS GRANTED; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 2/5/18. 2/5/18 ENTERED AND COPIES MAILED, E-MAILED.(jl, ) (Entered: 02/05/2018) |
| 02/05/2018 | 25 | APPLICATION for Admission Pro Hac Vice of Jennifer A. Yasko by METROPCS. ( Filing fee $ 40 receipt number 0313-12609677.). (Attachments: # 1 Text of Proposed Order Proposed Order)(SCHWARTZ, ADAM) (Entered: 02/05/2018) |
| 02/05/2018 | 24 | APPLICATION for Admission Pro Hac Vice of Amanda R. Jesteadt by METROPCS. ( Filing fee $ 40 receipt number 0313-12609629.). (Attachments: # 1 Text of Proposed Order Proposed Order)(SCHWARTZ, ADAM) (Entered: 02/05/2018) |
| 01/22/2018 | | Copy of Order dated 1/11/18 and envelope returned from the U.S. Postal Service addressed to NINA STEWART for the following reason: UNABLE TO FORWARD. (jl, ) (Entered: 01/22/2018) |
| 01/11/2018 | 23 | ORDER THAT PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SERVE DEFENDANT ZAMIR JEFFERSON IS GRANTED; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 1/11/18.1/11/18 ENTERED AND E-MAILED, MAILED TO |

| 01/10/2018 | 22 | MOTION for Service *Extension of Time to Serve Defendant Zamir Jefferson* filed by METROPCS.Memorandum.(SUTTON, STACEY) (Entered: 01/10/2018) |
| --- | --- | --- |
| 12/20/2017 | | Default Entered (jl, ) (Entered: 12/20/2017) |
| 12/20/2017 | | DEFAULT BY BRION R. BENSON, KEOSHA LAWSON, ROLAN STEPHENS, ISAIAH MICHAEL THOMAS FOR FAILURE TO APPEAR, PLEAD OR OTHERWISE DEFEND. (jl, ) (Entered: 12/20/2017) |
| 12/20/2017 | 21 | Request for Default METROPCS against BRION R. BENSON, KEOSHA LAWSON, ROLAN STEPHENS, ISAIAH MICHAEL THOMAS. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(SUTTON, STACEY) (Entered: 12/20/2017) |
| 12/07/2017 | 20 | SUMMONS Returned Executed by METROPCS re: Steve Galambos served Summons and Complaint upon CHRISTOPHER ALEXANDER T. JOHNSON by Personal Service. CHRISTOPHER ALEXANDER T. JOHNSON served on 11/2/2017, answer due 11/24/2017. (YASKO, JENNIFER) (Entered: 12/07/2017) |
| 12/07/2017 | 19 | SUMMONS Returned Executed by METROPCS re: Jason Sabo served Summons and Complaint upon KEOSHA LAWSON by Personal Service. KEOSHA LAWSON served on 11/14/2017, answer due 12/5/2017. (YASKO, JENNIFER) (Entered: 12/07/2017) |
| 11/30/2017 | 18 | RESPONSE in Opposition re 15 MOTION to Dismiss *for Lack of Personal Jurisdiction and Improper Venue or to Transfer Venue* filed by METROPCS. (Attachments: # 1 Affidavit, # 2 Text of Proposed Order)(SUTTON, STACEY) (Entered: 11/30/2017) |
| 11/21/2017 | 17 | ORDER THAT PLAINTIFF'S MOTION FOR A SEVEN DAY ENLARGEMENT OF TIME TO RESPOND TO THE MOTION TO DISMISS IS GRANTED. PLAINTIFF SHALL FILE ITS RESPONSE TO THE MOTION TO DISMISS BY 11/30/17; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 11/21/17. 11/21/17 ENTERED AND COPIES MAILED, E-MAILED AND MAILED TO PRO SE.(jl, ) (Entered: 11/21/2017) |
| 11/21/2017 | 16 | MOTION for Extension of Time to File Response/Reply as to 15 MOTION to Dismiss *for Lack of Personal Jurisdiction and Improper Venue or to Transfer Venue* filed by METROPCS.. (Attachments: # 1 Text of Proposed Order)(SUTTON, STACEY) (Entered: 11/21/2017) |
| 11/16/2017 | 15 | NINA STEWART MOTION TO DISMISS THIS CASE FOR LACK OF PERSONAL JURISDICTION, CERTIFICATE OF SERVICE..(jl, ) (Entered: 11/16/2017) |
| 11/16/2017 | 14 | Disclosure Statement Form pursuant to FRCP 7.1 by NINA STEWART.(jl, ) (Entered: 11/16/2017) |
| 11/10/2017 | 13 | SUMMONS Returned Executed by METROPCS re: Steve Galambos served Summons and Complaint upon BRION R. BENSON by Personal Service. BRION R. BENSON served on 11/2/2017, answer due 11/24/2017. (YASKO, JENNIFER) (Entered: 11/10/2017) |
| 11/10/2017 | 12 | SUMMONS Returned Executed by METROPCS re: Jason Rushton served Summons and Complaint upon ISAIAH MICHAEL THOMAS by Personal Service. ISAIAH MICHAEL THOMAS served on 10/31/2017, answer due 11/21/2017. (YASKO, JENNIFER) (Entered: 11/10/2017) |
| 11/10/2017 | 11 | SUMMONS Returned Executed by METROPCS re: Mike Alveshire served Summons and Complaint upon NINA STEWART by Personal Service. NINA STEWART served on 10/31/2017, answer due 11/21/2017. (YASKO, JENNIFER) (Entered: 11/10/2017) |
| 11/10/2017 | 10 | SUMMONS Returned Executed by METROPCS re: Steve Galambos served Summons and Complaint upon ROLAN STEPHENS by Personal Service. ROLAN STEPHENS served on 11/1/2017, answer due 11/22/2017. (YASKO, JENNIFER) (Entered: 11/10/2017) |

| | | |
|---|---|---|
| 10/25/2017 | 9 | ORDER THAT THE APPLICATION OF STACEY SUTTON TO APPEAR PRO HAC VICE IS GRANTED; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 10/25/17. 10/26/17 ENTERED AND COPIES MAILED, E-MAILED.(jl, ) (Entered: 10/26/2017) |
| 10/25/2017 | 8 | ORDER THAT THE APPLICATION OF JAMES B. BALDINGER TO APPEAR PRO HAC VICE IS GRANTED; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 10/25/17. 10/26/17 ENTERED AND COPIES MAILED, E-MAILED.(jl, ) (Entered: 10/26/2017) |
| 10/25/2017 | 7 | ORDER THAT THE APPLICATION OF ALANA ZORILLA-GASTON TO APPEAR PRO HAC VICE IS GRANTED; ETC.. SIGNED BY HONORABLE MICHAEL M. BAYLSON ON 10/25/17. 10/26/17 ENTERED AND COPIES MAILED, E-MAILED.(jl, ) (Entered: 10/26/2017) |
| 10/25/2017 | 6 | APPLICATION for Admission Pro Hac Vice of Alana Zorrilla-Gaston by METROPCS. ( Filing fee $ 40 receipt number 0313-12413752.). (Attachments: # 1 Text of Proposed Order Proposed Order)(SCHWARTZ, ADAM) (Entered: 10/25/2017) |
| 10/25/2017 | 5 | APPLICATION for Admission Pro Hac Vice of Stacey K. Sutton by METROPCS. ( Filing fee $ 40 receipt number 0313-12413739.). (Attachments: # 1 Text of Proposed Order Proposed Order)(SCHWARTZ, ADAM) (Entered: 10/25/2017) |
| 10/25/2017 | 4 | APPLICATION for Admission Pro Hac Vice of James B. Baldinger by METROPCS. ( Filing fee $ 40 receipt number 0313-12413685.). (Attachments: # 1 Text of Proposed Order Proposed Order)(SCHWARTZ, ADAM) (Entered: 10/25/2017) |
| 10/12/2017 | | DEMAND for Trial by Jury by METROPCS. (jwl, ) (Entered: 10/12/2017) |
| 10/12/2017 | | Summons Issued as to BRION R. BENSON, ZAMIR JEFFERSON, CHRISTOPHER ALEXANDER T. JOHNSON, KEOSHA LAWSON, ROLAN STEPHENS, NINA STEWART, ISAIAH MICHAEL THOMAS. Seven Forwarded To: Counsel on 10/12/17 (jwl, ) (Entered: 10/12/2017) |
| 10/12/2017 | 3 | REPORT on the filing or determination of an action regarding trademark numbers 2784778, 2792316, 2803097, 2865446, 3542846, 4480888, 4480891, 4484674. (jwl, ) (Entered: 10/12/2017) |
| 10/12/2017 | 2 | Disclosure Statement Form pursuant to FRCP 7.1 Identifying Corporate Parent T-MOBILE GLOBAL HOLDING GMBH, Corporate Parent T-MOBILE GLOBAL ZWISCHENHOLDING GMBH, Corporate Parent T-MOBILE US, INC., Corporate Parent DEUTSCHE TELEKOM HOLDING B.V., Corporate Parent DEUTSCHE TELEKOM AG for METROPCS. by METROPCS.(jwl, ) (Entered: 10/12/2017) |
| 10/12/2017 | 1 | COMPLAINT against BRION R. BENSON, ZAMIR JEFFERSON, CHRISTOPHER ALEXANDER T. JOHNSON, KEOSHA LAWSON, ROLAN STEPHENS, NINA STEWART, ISAIAH MICHAEL THOMAS ( Filing fee $ 400 receipt number 167238.), filed by METROPCS. (Attachments: # 1 Case Management Track Form, # 2 Civil Cover Sheet, # 3 Designation Form, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit)(jwl, ) (Entered: 10/12/2017) |

# TAB C

United States District Court
Southern District of Texas
**ENTERED**
August 09, 2017
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| METROPCS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-3573 |
| | § | |
| FIESTA CELL PHONE & DISH | § | |
| NETWORK, INC, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Summary Judgment Against
Defendant Zawar H. Shah ("Motion") [Doc. # 75] filed by Plaintiff MetroPCS, to
which Defendant Shah filed a Response [Doc. # 87], and Plaintiff filed a Reply [Doc.
# 89].  Having reviewed the record and applied relevant legal authorities, the Court
**denies** the Motion.

Plaintiff alleges that Defendants engaged in the unauthorized bulk purchase and
resale of MetroPCS wireless handsets.  Defendant Fiesta Cell Phone & Dish Network,
Inc. ("Fiesta Cell") failed to appear and, by Final Judgment [Doc. # 41] entered March
6, 2017, final default judgment was entered against it.  Based on the final default
judgment against Fiesta Cell, Plaintiff has now moved for summary judgment against
Shah.  The Motion has been fully briefed and is ripe for decision.

P:\ORDERS\11-2016\3573MSJ.wpd   170809.1522

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions in the record, together with any affidavits filed in support of the motion, demonstrate that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(a); *Bacharach v. Suntrust Mortg., Inc.*, 827 F.3d 432, 434 (5th Cir. 2016). Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Brandon v. Sage Corp.*, 808 F.3d 266, 269-70 (5th Cir. 2015); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response.  *ExxonMobil Corp*., 289 F.3d at 375.

Under Texas law, "[i]f the corporate privileges of a corporation are forfeited for the failure to file a report or pay a tax or penalty, each director or officer of the corporation is liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived."  TEX. TAX CODE § 171.255(a).  To impose liability on Shah based on the judgment against Fiesta Cell, MetroPCS must prove that (1) the

2

corporate charter was forfeited for noncompliance with the Texas Tax Code; (2) a judgment exists against Fiesta Cell; and (3) Shah was an officer or director of Fiesta Cell at the time the corporate debt was incurred.  *See Am. Star Energy & Minerals Corp. v. Stowers*, 457 S.W.3d 427, 431 (Tex. 2015).  In this case, it is undisputed that Fiesta Cell's corporate charter was forfeited in October 2004 for failure to comply with the Texas Tax Code.  It is also undisputed that a default judgment exists against Fiesta Cell.[1]  There is no evidence, however, that Shah was an officer or director of Fiesta Cell in March 2017 when default judgment was entered and the debt was created.  Plaintiff's evidence demonstrates only that Shah was an officer (President) of Fiesta Cell in April 2011 when the company filed a Texas Franchise Tax Public Information Report.  Plaintiff has not demonstrated that no genuine issue of material fact exists regarding whether Shah was an officer or director of Fiesta Cell in March 2017.  As a result, Plaintiff has not demonstrated that it is entitled to summary judgment against Shah pursuant to § 171.255(a) of the Texas Tax Code, and it is hereby

  **ORDERED** that Plaintiff's Motion for Summary Judgment Against Defendant Zawar H. Shah [Doc. # 75] is **DENIED**.

---

[1]   It is undisputed that the judgment exists, but Shah challenges the validity of the default judgment.

APPENDIX  Page 34

SIGNED at Houston, Texas, this __9th__ day of **August, 2017**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE