**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| METROPCS, a brand of T-MOBILE USA, Inc., a Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Miscellaneous Case No. 3:18-mc-00029-K-BN |
| v. | ) ) ) | |
| ISAIAH MICHAEL THOMAS, individually and d/b/a GO PHONEZ, ZAMIR JEFFERSON, CHRISTOPHER ALEXANDER T. JOHNSON, BRION R. BENSON, ROLAN STEPHENS, KEOSHA LAWSON, and NINA STEWART, | ) ) ) ) ) ) ) | (Relates to U.S.D.C., Eastern District of Pennsylvania Case No: 2:17-cv-04557-MMB) |
| Defendants. | ) ) ) | |

**METROPCS'S MOTION TO COMPEL DISCOVERY AND RESPONSE IN OPPOSITION TO PETITIONER'S MOTION TO QUASH SUBPOENA AND FOR SUPPLEMENTAL RELIEF [DE 1] AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

I.   INTRODUCTION AND FACTUAL BACKGROUND ................................................1

II.  MEMORANDUM OF LAW ...........................................................................................3

    A.  Frazin Should be Compelled to Comply with the MetroPCS Subpoena .....................3

        1.  The MetroPCS Subpoena Seeks Relevant Discovery Proportional to the Needs of the Case. ..........................................................................................................5

        2.  The Court Should Award MetroPCS's Reasonable Attorneys' Fees and Costs ..9

    B.  Frazin's Motion to Quash and for Supplemental Relief Should be Denied .........10

        1.  Frazin Failed to Meet Her Burden to Quash the Subpoena ...............................10

        2.  Frazin Failed to Meet Her Burden for a Protective Order ................................13

        3.  An Award of Fees in Frazin's Favor is Not Warranted ....................................14

III. CONCLUSION ................................................................................................................15

LOCAL RULE 7.1(b) CERTIFICATE OF CONFERENCE....................................................16

CERTIFICATE OF SERVICE .................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*,
　No. 12-22, 12-122, 12-123, 2014 WL 12600209 (E.D. Tex. Jan. 8, 2014)..............................4

*Allen-Pieroni v. Sw. Corr., LLC*,
　No. 13-4089, 2016 WL 4439997 (N.D. Tex. Aug. 23, 2016) (Horan, J.)...............................8

*Areizaga v. ADW Corp.*,
　314 F.R.D. 428 (Horan, J.) (N.D. Tex. 2016)...........................................................3, 13, 14

*Barnes v. Madison*,
　79 Fed. Appx. 691 (5th Cir. 2003) .........................................................................................4

*Berkley Reg'l Ins. Co. v. Weir Bros., Inc.*,
　No. 14-9, 2014 WL 2572798 (N.D. Tex. June 9, 2014) (Horan, J.) .......................................9

*Carr v. State Farm Mut. Auto. Ins. Co.*,
　No. 15-1026, 2016 WL 269619 (N.D. Tex. Jan. 21, 2016) (Horan, J.) ..................................9

*Castro v. Sanofi Pasteur Inc.*,
　No. 13-2086, 2013 WL 1707094 (N.D. Ill. Apr. 19, 2013)...............................................5, 15

*Celanese Corp. v. Clariant Corp.*,
　No. 14-4165, 16-15, 2016 WL 1074573 (N.D. Tex. Mar. 18, 2016) (Horan, J.) ..............5, 15

*DDR Holdings, LLC v. Hotels.com, L.P.*,
　No. 06-42, 2012 WL 2935172 (E.D. Tex. July 18, 2012).......................................................9

*Emerson Elec. Co. v. Le Carbone Lorraine, S.A.*,
　No. 05-6042, 2009 WL 435191 (D. N.J. Feb. 18, 2009)...................................................5, 15

*Heller v. City of Dallas*,
　303 F.R.D. 466 (N.D. Tex. 2014) (Horan, J.).......................................................................15

*Kiewit Offshore Servs., Ltd. v. Dresser-Rand Global Servs., Inc.*,
　No. 15-1299, 2016 WL 6905874 (S.D. Tex. Apr. 1, 2016)....................................................8

*King v. Fidelity Nat'l. Bank of Baton Rouge*,
　712 F.2d 188 (5th Cir. 1983) .................................................................................................4

*Marshall v. Bramer*,
　110 F.R.D. 232 (W.D. Ky. 1985).....................................................................................5, 15

*MetroPCS v. Isaiah Michael Thomas, et al.*,
　2:17-cv-04557-MMB (E.D. Pa. April 19, 2018)................................................................1, 2

*S.E.C. v. Brady*,
   238 F.R.D. 429 (N.D. Tex. 2006) ..................................................................... 10, 14

*Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*,
   No. 15-4108, 2017 WL 896897 (N.D. Tex. Mar. 7, 2017) ............................... 4, 5, 9

*U.S. v. Passarella*,
   788 F.2d 377 (6th Cir. 1986) .............................................................................. 5, 15

*Wiwa v. Royal Dutch Petroleum Co.*,
   392 F.3d 812 (5th Cir. 2004) .................................................................................... 10

**Statutes**

Digital Millennium Copyright Act, 17 § U.S.C. 1201, *et. seq.* ...................................... 12

Unlocking Consumer Choice and Wireless Competition Act of 2014 .......................... 12

**Other Authorities**

37 C.F.R. § 201.40(b)(3)(i) (2015) ................................................................................ 12

Fed. R. Civ. P. Rule 26 ................................................................................ 4, 5, 12, 13, 15

FED. R. CIV. P. Rule 37 ................................................................................................ 3, 9

Fed. R. Civ. P. Rule 45 .......................................................................................... 3, 4, 10

Local Rule 7.1(b) ............................................................................................................ 16

Plaintiff T-Mobile USA, Inc., for itself and its MetroPCS brand ("MetroPCS" or "Plaintiff"), pursuant to Federal Rules of Civil Procedure 26, 37, 45, and the Local Rules of this Court, respectfully requests the Court compel Petitioner Lorraine Frazin ("Frazin" or "Petitioner") to comply with the subpoena for deposition *duces tecum*, deny Petitioner's Motion to Quash Subpoena and for Supplemental Relief [DE 1], and award MetroPCS its reasonable attorneys fees' and costs.  In support, MetroPCS states:

## I.    INTRODUCTION AND FACTUAL BACKGROUND

MetroPCS's Motion to Compel Discovery ("Motion to Compel") and Response in Opposition to Frazin's Motion to Quash Subpoena and for Supplemental Relief ("Motion to Quash") [DE 1] arises out of an action pending in the United States District Court for the Eastern District of Pennsylvania, *MetroPCS v. Isaiah Michael Thomas, et al.,* 2:17-cv-04557-MMB. MetroPCS filed suit against seven defendants ("Defendants") because they are engaged in and knowingly conspire with others in unlawful business practices that include the unauthorized, deceptive, and fraudulent acquisition and resale of new MetroPCS wireless handsets ("MetroPCS Handsets") (the "Handset Theft and Trafficking Scheme" or the "Scheme").  *See* Appendix at pp. 1-45 ("Appx. at p.__") (*MetroPCS v. Isaiah Michael Thomas, et al.*, 2:17-cv-04557-MMB Complaint).  MetroPCS seeks damages and injunctive relief for Defendants' violations of multiple state and federal laws.[1]

MetroPCS uncovered evidence demonstrating that third-parties, including, *inter alia*, Petitioner Lorraine Frazin ("Frazin") are engaging in the identical activities described in the Complaint and are likely to have relevant information regarding the Scheme that would support the allegations of MetroPCS's Complaint and its prayer for injunctive relief and damages.  *See*

---

[1] The court recently granted final judgment and permanent injunction in favor of MetroPCS against certain defendants but the case remains pending against the others.  *MetroPCS v. Isaiah Michael Thomas, et al.*, 2:17-cv-04557-MMB (E.D. Pa. April 19, 2018).

Appx. at pp. 1-45, 48 (Complaint) (Declaration of Stacey K. Sutton ("Sutton Decl.") at ¶ 5). As a result, on March 30, 2018, MetroPCS issued a subpoena *duces tecum* to Frazin (the "Subpoena") which commanded Frazin to appear at a deposition in Dallas, Texas, on April 19, 2018, and to produce specific categories of documents related to MetroPCS Handsets. *Id*. at p. 48 (Sutton Decl. at ¶ 6).

Frazin responded by letter through counsel. *Id.* (Sutton Decl. at ¶ 7). The letter notably avoided expressly *denying* that Frazin has relevant knowledge, yet demanded that MetroPCS "articulate" its reason for seeking discovery from Frazin. *Id.* MetroPCS informed Frazin that it had uncovered evidence that Frazin and her son are participants in the Scheme to obtain and resell new MetroPCS phones, using the identical fraudulent activities described in the Complaint, and accordingly stated that it intended to proceed with depositions of both Frazin and her son. *Id.* (Sutton Decl. at ¶ 8). Frazin then waited until the evening before the deposition was scheduled to take place to file the Motion to Quash [DE 1], advise that she would not attend the deposition, and interpose improper objections to the document requests. *Id.* (Sutton Decl. at ¶ 9). MetroPCS's counsel had already traveled to Dallas, Texas by the time Frazin advised that she would not appear at the deposition[2]. *Id.*

MetroPCS respectfully requests that the Court compel Frazin to produce documents and to attend and fully cooperate in her deposition, deny Frazin's Motion to Quash, and award MetroPCS its reasonable attorneys' fees and costs incurred as a result of having to move to compel, to respond to the Motion to Quash, and for Frazin's last-minute refusal to appear.

---

[2] Jason Frazin, Lorraine Frazin's son, similarly waited until the night before his deposition to notify MetroPCS's counsel that he would not attend his deposition. *Id.* at p. 49 (Sutton Decl. at ¶ 11).

## II.      MEMORANDUM OF LAW

Frazin should be compelled to comply with the Subpoena to produce documents and appear for deposition.  MetroPCS has a valid and reasonable basis for seeking discovery from Frazin because MetroPCS uncovered evidence that Frazin has knowledge of the conspiracy alleged in the Complaint.  The Motion to Quash unpersuasively argues that the Subpoena is unduly burdensome because Frazin claims she does not have relevant information and the deposition would cause missed work and lawyer representation.  Both of these arguments rely exclusively on unsworn[3] self-serving, conclusory, and dubious assertions—to distract from the weakness and unsubstantiated nature of the arguments presented—and the remainder of the motion consists of desperate, spurious attacks on MetroPCS and its counsel.  The mischaracterizations of the lawsuit, the facts, and the law make it clear that Frazin's general disclaimer of any knowledge cannot be relied upon.  In addition, while Frazin does not specifically describe the purported burden of her particular deposition, MetroPCS took steps to minimize the burden of the deposition on Frazin, a third party, by setting it for only a half day and offering alternative dates.  Frazin fails to acknowledge these accommodations, and instead is attempting to stonewall discovery in its entirety.  For the reasons stated herein, MetroPCS's Motion to Compel should be granted and Frazin's Motion to Quash should be denied.

### A.      Frazin Should be Compelled to Comply with the MetroPCS Subpoena

If a non-party fails to comply with a subpoena, the United States District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents and appear for deposition.  *See* FED. R. CIV. P. 37(a)(1), 45(d)(2)(B)(i);

---

[3]  Importantly, there is no declaration by Frazin in support of either of the two undue burden arguments.  *See Areizaga v. ADW Corp.*, 314 F.R.D. 428, 434 (Horan, J.) (N.D. Tex. 2016) ("A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden").

*Adaptix, Inc. v. Alcatel-Lucent USA, Inc.*, No. 12-22, 12-122, 12-123, 2014 WL 12600209, at *4 (E.D. Tex. Jan. 8, 2014).  However, a party moving to compel discovery does not bear the burden of showing relevance and proportionality in the first instance; rather, a party's certification presumes the discovery sought is within the scope of Rule 26.  *See Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, No. 15-4108, 2017 WL 896897, at *13 (N.D. Tex. Mar. 7, 2017) ("Rule 26(g)(1) does not impose on a party filing a motion to compel the burden to show relevance and proportionality in the first instance.").  Thus, on a motion to compel, "the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Id.*  As detailed herein, the MetroPCS Subpoena was properly served, is valid, and seeks relevant information proportional to the needs of the case.  Frazin has no justification for her noncompliance and her boilerplate objections fail.

It is undisputed that the Subpoena satisfies the form and content requirements of Rule 45(a) and that the Subpoena was properly served on Frazin.  *See* Fed. R. Civ. P. 45(a)-(c).  Frazin's nonappearance at her deposition was not excused because, due to Frazin's last-minute motion, the Court's Order staying compliance with the subpoena pending the resolution of the Motion to Quash was entered *after* Frazin's unexcused non-appearance.  *Compare* [DE 4] entered on April 19, 2018 at 1:20 PM CDT, with Appx. at p. 48 (Sutton Decl. at ¶ 6), requiring compliance at 9:00 am CDT on April 19, 2018; *see Barnes v. Madison*, 79 Fed. Appx. 691, 707 (5th Cir. 2003) (affirming that failure to appear was not substantially justified when deponent filed motion for protective order on the Friday preceding her Monday morning deposition, reasoning that based on timing she could "hardly have expected in good faith to receive a court order excusing her attendance"); *King v. Fidelity Nat'l. Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir. 1983).

1.    The MetroPCS Subpoena Seeks Relevant Discovery Proportional to the Needs of the Case.

Rule 26(b) provides that a party may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b); *see Samsung Elecs. Am. Inc.*, 2017 WL 896897, at *8. The discovery sought here is both relevant and proportional to the needs of the case.

As to relevance, the testimony of a non-party with knowledge about the operation of a conspiracy is clearly relevant to a case alleging the conspiracy. *See U.S. v. Passarella*, 788 F.2d 377, 382-83 (6th Cir. 1986) (finding that evidence of a non-party co-conspirator's participation in a defendant's conspiracy is relevant); *Emerson Elec. Co. v. Le Carbone Lorraine, S.A.*, No. 05-6042, 2009 WL 435191, at *1 (D. N.J. Feb. 18, 2009); *Celanese Corp. v. Clariant Corp.*, No. 14-4165, 16-15, 2016 WL 1074573, at *3 (N.D. Tex. Mar. 18, 2016) (Horan, J.); *Castro v. Sanofi Pasteur Inc.*, No. 13-2086, 2013 WL 1707094, at *3 (N.D. Ill. Apr. 19, 2013); *Marshall v. Bramer*, 110 F.R.D. 232, 233 (W.D. Ky. 1985).

The underlying action alleges Defendants' participation in an international conspiracy to defraud MetroPCS. *See* Appx. at pp. 2-3, 11 (Complaint at ¶¶ 1-4, 37). The Complaint explains that Defendants and their co-conspirators fraudulently acquire large quantities of new MetroPCS phones through co-conspirators, including runners and mules, by exploiting a port-in promotion that MetroPCS offers to provide a new phone to legitimate new customers. *Id.* at pp. 3, 12 (Complaint at ¶¶ 2, 40-42). Defendants, with no intention of complying with the terms and conditions and using fraud and deception to obtain the phones, then resell the brand new subsidized MetroPCS phones for their own benefit and to the detriment of MetroPCS, violating several laws in the process. *See id.* at pp. 25 (Complaint at ¶ 102).

Through discovery, MetroPCS learned from a co-conspirator—Tom Vanderbosch—that Jason Frazin is engaged in the Scheme to defraud MetroPCS using the identical activities described in the Complaint. *Id.* at pp. 48 (Sutton Decl. at ¶ 5). Specifically, MetroPCS learned that Jason Frazin, like the Defendants, uses numerous co-conspirators, "all [Jason Frazin's] friends and family," to obtain new subsidized MetroPCS phones and pays the runners or mules a fee per phone. *Id.* (Sutton Decl. at ¶ 5, Exhibit 1 at pp. 56:15-57:9, 64:18-70:4). Jason Frazin has even used his small children as stand-ins, to get around limits on the number of phones an individual would be permitted to obtain in one trip. *Id.* Exactly like the Defendants, Jason Frazin instructed his co-conspirators on exactly how to manipulate MetroPCS's port-in promotion, exactly which stores might be successful to hit, and which models of MetroPCS phones to obtain. *Id.* at pp. 12-14, 48 (Complaint at ¶¶ 40-44, 50) (Sutton Decl. at ¶ 5, Exhibit 1 at pp. 64:18-68:22, 72:8-73:11, 99:19-100:19). The results included over one hundred new MetroPCS phones for a single mule. *Id.* at pp. 16, 48 (Complaint at ¶¶ 61-62 ) (Sutton Decl. ¶ 5, Exhibit 1 at p. 101:24-103:5).

The co-conspirator testified in detail that he and Jason Frazin exploited the port-in promotion by activating Ting phones and porting in the newly activated phone numbers to MetroPCS, which would appear to MetroPCS to be a new activation on the MetroPCS network, leading to acquisition of a new phone under the MetroPS promotion. *Id.* at pp. 48 (Sutton Decl. at ¶ 5, Exhibit 1 at pp. 67:9-68:22). This modus operandi is *identical* to that of the Defendants. *See id.* at pp. 12 (Complaint at ¶¶ 40-41).

The co-conspirator explained that many others, including all of Jason's "friends and family," assisted in fraudulently obtaining large quantities of new MetroPCS phones, leading to the reasonable inference that Frazin, as Jason Frazin's mother, with whom he lived at one time

and remains is in close touch, was one of the family members in the Scheme, fraudulently obtaining new MetroPCS phones for resale. *Id.* at pp. 48 (Sutton Decl. at ¶ 5, Exhibit 1 at pp. 56:15-57:9, 64:18-70:4). The co-conspirator also testified that Frazin stores product for Jason, both at her home and her office, with the clear implication in context of the deposition being that MetroPCS phones are or have been stored in this way by Frazin.[4] *Id.* (Sutton Decl. at ¶ 5, Exhibit 1 at pp. 45:20-23, 53:19-54:21, 144:14-145:13). Based on the foregoing, MetroPCS has a substantial basis to infer that Frazin has conspired with, assisted, aided, or abetted Jason Frazin and his co-conspirators in the Scheme also perpetrated by Defendants, or, at the very minimum, has knowledge about the Scheme.

Finally, like Defendants, Jason Frazin and/or his co-conspirators resell phones domestically for use on networks other than MetroPCS, often online, or ship the phones out of the country for their own profit and to MetroPCS's detriment. *See id.* at pp. 16, 48 (Complaint at ¶ 62) (Sutton Decl. at ¶ 5, Exhibit 1 at pp. 96:12-20, 118:22-119:7, 152:9-152:25).

The discovery MetroPCS seeks will allow MetroPCS to discover the methods Defendants, the Frazins, and other co-conspirators use to defraud MetroPCS as part of the Scheme, including how phones are obtained, stored, unlocked, and resold, and who is involved in each of the steps. *Id.* at pp. 3-4 (Complaint at ¶ 3-5). MetroPCS has learned through experience that certain actors and methods in the Scheme frequently overlap across the country—such as use of the same buyers, websites, advertisements, and unlockers—and across the world—such as shipment to the same apex purchaser amassing tens of thousands of phones

---

[4] Frazin's attorney's affidavit regarding Vanderbosch's testimony is misleading and should be disregarded. The inferences drawn by MetroPCS are reasonably drawn from the record. In addition, MetroPCS's counsel spent hours with Vanderbosch, not all of which (including Vanderbosch pointing to areas of photographs presented as exhibits), can be adequately reflected in the written record.

for international bulk resale. This discoverable information goes directly to the allegations of MetroPCS's Complaint, as well as the calculation of its damages and foundation for injunctive relief based on substantial ongoing harm caused by the Scheme and the public interest served by a permanent injunction against Defendants. *Id.* at pp. 3-4, 21, 30, 33-34, 41, 44-45 (Complaint at ¶¶ 3-5, 76, 131, 152, 171, 191)

In addition, the discovery sought is proportional to the needs of the case. As set forth in MetroPCS's Complaint, MetroPCS has been, and continues to be, significantly damaged by the Handset Theft and Trafficking Scheme. *Id.* at pp. 3-4, 18, 24-25, 27, 29-30, 33-34, 36-45 (Complaint at ¶¶ 3-5, 66, 94, 99, 113, 124-126, 128, 131, 146, 149, 152, 163-65, 168, 171, 175, 178-79, 184, 187-188, 193, 199, 207, 212, 214). Several Defendants have refused to participate in the case and, therefore, MetroPCS must obtain evidence supporting its claims, damages, and entitlement to injunctive relief from other participants in the Scheme. *Id.*; [DE 36].

The discovery sought does not cause unusual expense that could outweigh MetroPCS's need for evidence of the Scheme. A straight-forward, half-day deposition does not present an undue burden on Frazin. *See Kiewit Offshore Servs., Ltd. v. Dresser-Rand Global Servs., Inc.*, No. 15-1299, 2016 WL 6905874, at *2 (S.D. Tex. Apr. 1, 2016) (finding the burden of a deposition is justified and proportional to the needs of the case); *Allen-Pieroni v. Sw. Corr., LLC*, No. 13-4089, 2016 WL 4439997, at *7 (N.D. Tex. Aug. 23, 2016) (Horan, J.) (same). MetroPCS already took steps to decrease any burden on Frazin, of which Frazin was aware before the no-show deposition. *See* Appx. at pp. 48 (Sutton Decl. at ¶ 8). Specifically, MetroPCS offered to move the date of the deposition for Frazin's convenience and MetroPCS scheduled Frazin's

deposition for only a half day.[5]  *Id.*  MetroPCS would have been willing to consider further accommodations, but none were requested.  *Id.*

Likewise, Frazin's improper objections to the document requests should be overruled. *See id.* (Sutton Decl. at ¶ 9).  The document requests are relevant and proportional to the needs of the case for the same reasons as the deposition.  Frazin's objections are improper in two respects: they are boilerplate and they combine objections with the indication that Frazin possesses no documents, leaving MetroPCS in doubt as to whether she is withholding documents on the basis of objections.  *See Samsung Elecs. Am. Inc.*, 2017 WL 896897, at *9.

2.    The Court Should Award MetroPCS's Reasonable Attorneys' Fees and Costs

Under Rule 37(a)(5), MetroPCS is entitled to recover its expenses, including attorneys' fees and costs, incurred as a result of traveling to the deposition and the filing of this Motion to Compel.  FED. R. CIV. P. 37(a)(5); *see DDR Holdings, LLC v. Hotels.com, L.P.,* No. 06-42, 2012 WL 2935172, at *3 (E.D. Tex. July 18, 2012); *Carr v. State Farm Mut. Auto. Ins. Co.*, No. 15-1026, 2016 WL 269619, at *4 (N.D. Tex. Jan. 21, 2016) (Horan, J.); *Berkley Reg'l Ins. Co. v. Weir Bros., Inc.*, No. 14-9, 2014 WL 2572798, at *3 (N.D. Tex. June 9, 2014) (Horan, J.).

The circumstances here warrant an award of sanctions.  Despite being on written notice days earlier that MetroPCS intended to proceed with the deposition, Frazin waited until the final hour to refuse to attend her deposition and has not asserted a valid basis to avoid discovery. MetroPCS continues to be prejudiced by her refusal to cooperate.

---

[5] Frazin's attorney's affidavit points out the obvious typo in the letter which was clearly referring to the Subpoena requiring compliance on Thursday, *April* 19.

**B.**    **Frazin's Motion to Quash and for Supplemental Relief Should be Denied**

Frazin's request to quash the subpoena or for a protective order based on conclusory allegations of undue burden fail to satisfy the standard for either of the requested forms of relief and should be denied.

1.    Frazin Failed to Meet Her Burden to Quash the Subpoena

Frazin bears the burden to demonstrate that "compliance with the subpoena would be unreasonable and oppressive." *See Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 818 (5th Cir. 2004); FED. R. CIV. P. 45(d)(3)(A)(i)-(iv).    Additionally, in requesting to quash the Subpoena in its entirety, Frazen faces a significant hurdle, since "modification of a subpoena is preferable to quashing it outright." *Id.*

Frazin has not met her burden to quash the Subpoena.  Frazin failed to substantiate or support her blanket assertion that the deposition presents an undue burden.[6]  *See S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("[i]n order to satisfy its burden, the objecting party must make a specific, detailed showing of how a request is burdensome.").

To the contrary, as set forth in MetroPCS's Motion to Compel, the information sought is relevant and proportional to the needs of the case.  Frazin's arguments are unconvincing. Frazin's repeated reference to her location in Dallas in relation to the underlying action in Pennsylvania disregards the fact that the Scheme is an international conspiracy.  *See id.* at pp. 2-3, 11 (Complaint at ¶¶ 1-4, 37).  For example, although Defendant Nina Stewart resides in South Carolina, the court denied her Motion to Dismiss for lack of personal jurisdiction recognizing that the effects of her activities in South Carolina transcended state lines.  [DE 28].  Exactly like

---

[6] Frazin only argues in favor of quashing her deposition.  As such, MetroPCS does not address the document request in its response to Frazin's Motion to Quash.  Frazin's improper boilerplate objections to the document requests are addressed above in MetroPCS's Motion to Compel.

Defendants, Jason Frazin sells products online without geographic restriction.  Appx. at p. 48 (Sutton Decl., at ¶ 5, Exhibit 1 at pp. 96:12-20, 118:22-119:7, 152:9-25.

In addition, the assertion that MetroPCS has no need for Frazin's testimony is a self-serving conclusion not supported by fact.  For reasons described herein, MetroPCS has a significant need for Frazin's testimony to prove its claims, damages, and entitlement to injunctive relief.  Frazin notably does not contend specifically, nor can she, that she does not have relevant information about the Scheme, including, *inter alia*, obtaining phones, storage, repackaging, unlocking, sales, advertising, or other allegations of the Complaint.  She asserts (unsworn), that she "has never *purchased* phones from *T-Mobile*" and her only "relationship" to cell phones is use of an iPhone.  These unsworn contentions together with her blanket denial do not come close to satisfying MetroPCS that Frazin does not have discoverable information.[7] Notably, while MetroPCS is a brand of T-Mobile, the choice of words limiting her statement only to "T-Mobile" provides troubling plausible deniability.  In addition, participants in the Scheme do not always *purchase* phones – often they *acquire phones for free*.  Importantly, participants in the Scheme are not all "purchasers."  Finally, even if Frazin were not a participant, as she asks us to infer, there is a reasonable basis to infer that Frazin nevertheless has knowledge of the Scheme and information that can assist in connecting the dots in transactions between others in the Frazin group with Defendants and their co-conspirators.

Frazin presents two more irrelevant distractions in her effort to avoid her deposition.  First, Frazin asserts – entirely incorrectly – that the activities described in the Complaint are lawful.  Not only is this irrelevant for purposes of this Motion to Quash a deposition subpoena,

---

[7] MetroPCS will not respond to Frazin's malicious and entirely false accusations other than to note that, ironically, in an effort to avoid complying with her deposition subpoena, Frazin attacks MetroPCS and its counsel for allegedly targeting groups to which she and Defendants do not belong.

Frazin is incorrect in her proclamation that the Unlocking Consumer Choice and Wireless Competition Act of 2014 (the "Act") protects Defendants' business of handset trafficking in new MetroPCS phones. The Act and its implementing regulation address the narrow issue of whether unlocking mobile devices violates the Digital Millennium Copyright Act, 17 § U.S.C. 1201, *et. seq.* ("DMCA"), not whether unlocking is "illegal" generally or violates any other federal or state law. It carves out a specific exemption to liability under the DMCA. Significantly, MetroPCS does not raise a DMCA claim in this action, therefore, the argument is irrelevant. Also, the exemption only permits unlocking *used* devices by *consumers* under certain circumstances. 37 C.F.R. § 201.40(b)(3)(i) (2015) (emphasis added). Regardless, Frazin is not a defendant in the action. Her incorrect legal arguments, opining on the claims in the underlying action, are irrelevant and another unsuccessful attempt at diverting the Court from the lack of support for her Motion to Quash.

Second, Frazin asserts that she cannot have relevant information because she was not identified by name in the initial disclosures. The initial disclosures were served in accordance with Rule 26 and the Eastern District of Pennsylvania's local rules. They were not served on Frazin nor for Frazin's benefit or reliance but for the benefit *of Defendants* who were provided notice of and an opportunity to participate in the Frazin deposition, thus satisfying Rule 26's provision that disclosures need not be supplemented when the information is otherwise *known to the other parties* during the discovery process. *See* Fed. R. Civ. P. 26(e)(1)(A). Frazin's argument is supported by no legal authority, or even common sense.

Finally, Frazin's claim that no substantive issues remain in the underlying action is demonstrably incorrect. MetroPCS has an actual and present need for discovery. Defendant Nina Stewart has not defaulted in this action and is an active participant in the case, serving

discovery requests and traveling from South Carolina to attend a pre-trial conference in Philadelphia, where the court entered a scheduling order setting discovery deadlines and a trial date. [DE 35]. In fact, certain Defendants' refusal to participate increases MetroPCS's need to obtain discovery from third parties, including Frazin, to prove its claims, quantify its damages, and establish its entitlement to injunctive relief.

The law and facts are not on Frazin's side, so her Motion is a hodgepodge of conclusory and unsupported assertions, spurious accusations, and blatant misstatements.[8] She has offered no legal basis for quashing the lawful subpoena *duces tecum* served on her and does not provide any sworn statement. Frazin should be compelled to comply with the Subpoena and sanctions should be awarded in favor of MetroPCS for having to make this Motion and for the expenses it incurred due to Frazin's last-minute refusal to appear.

## 2.    Frazin Failed to Meet Her Burden for a Protective Order

Frazin's request for alternative relief in the form of a protective order should likewise be denied because Frazin does not meet the "good cause" standard under Federal Rule of Civil Procedure 26(c). FED. R. CIV. P. 26(c)(1); *see Areizaga*, 314 F.R.D. at 434 (Horan, J.).

Frazen's conclusory "undue burden" claim without supporting evidence is grossly insufficient to demonstrate "good cause and a specific need for protection." *Areizaga*, 314

---

[8] For example, MetroPCS's counsel's stated position regarding the deposition was set forth in written correspondence sent to Frazin's attorney before the Motion to Quash was filed. Appx. at p. 48 (Sutton Decl. at ¶ 8). Frazin ignores the letter and instead mischaracterizes a phone conversation that is contradicted by the letter. In addition, Frazin blatantly mischaracterizes a decision by Judge Atlas of this Court, [DE 90], App'x p. 32-35. That case did not find that MetroPCS does not have the right to protect itself from handset traffickers, like Defendants. In that case, as reflected by the record, the Court entered judgment to MetroPCS against the corporate defendant but initially denied MetroPCS's motion for partial summary judgment against the corporate owner. In fact, the court found that MetroPCS had met its summary judgment burden on two out of three of the required elements. Frazin's mischaracterization of the motion for summary judgment as "illicit" and "frivolous" simply because it was denied, and Frazin's failure to acknowledge that a final judgment *was entered* against the individual soon after, cannot be condoned.

F.R.D. at 434 ("A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden"); *Brady*, 238 F.R.D. at 437. A protective order is not warranted because, as set forth in detail above, the discovery is relevant and proportional. *See Areizaga*, 314 F.R.D. at 435-36. Frazin also fails to specify how a half-day deposition that MetroPCS already offered to move to accommodate her schedule, presents an undue burden either based on her work obligations or based on attorney time.[9] Frazin fails to present any evidence or even convincing or corroborated argument that the discovery is not relevant or that a deposition should not be permitted. Thus, for the reasons set forth above, her request for a protective order should be denied.

### 3.    An Award of Fees in Frazin's Favor is Not Warranted

Frazin fails to demonstrate any basis for an award of fees in her favor. Frazin's only unconvincing argument is that MetroPCS and its counsel *knew* that Frazin had no relevant knowledge. As explained more fully above, Frazin's assertion is contradicted by sworn testimony and the reasonable inferences drawn therefrom, which provide MetroPCS's basis to believe that Frazin has information relevant to its claims. Seemingly acknowledging that the evidence points to Frazin's participation in the Scheme, through a number of mischaracterizations, Frazin attempts to assert that MetroPCS issued discovery to Frazin only for the purpose of filing a lawsuit against the Frazins. This implied admission of the existence of evidence supporting her knowledge of the Scheme only underscores the relevance of the discovery to the claims against Defendants, including as an intermediary helping to elucidate connections between Defendants, their co-conspirators, and the Frazin group. *See Passarella*,

---

[9] Frazin's attorney allegedly spent 24 billable hours preparing the Motion to Quash, while he would have spent no more than 4 hours at Frazin's deposition.

14

788 F.2d at 382-83; *Emerson Elec. Co.* 2009 WL 435191, at *1; *Celanese Corp.,* 2016 WL 1074573, at *3 (Horan, J.); *Castro*, 2013 WL 1707094, at *3; *Marshall*, 110 F.R.D. at 233. For all of the reasons described above, the Subpoena is consistent with the standards of Rule 26 and Frazin's request for fees should be denied.

Finally, even if the Court were to find that discovery to Frazin should be disallowed or limited, MetroPCS's basis to subpoena Frazin was substantially justified and sanctions are, therefore, not warranted. *Heller v. City of Dallas*, 303 F.R.D. 466, 477 (N.D. Tex. 2014) (Horan, J.). If the Court grants MetroPCS's request for fees against Frazin, MetroPCS will submit a petition for its reasonable attorneys' fees and costs if the parties are unable to reach agreement. On the other hand, if the Court were inclined to award fees to Frazin, to which MetroPCS strenuously objects for the reasons set forth above, MetroPCS respectfully requests leave to brief the amount.[10]

## III.   CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter an order compelling Frazin to attend, fully cooperate, and produce documents at a deposition *duces tecum*, denying Frazin's Motion to Quash and for Supplemental Relief, awarding MetroPCS its reasonable attorneys' fees and costs incurred as a result of having to file this Motion to Compel and respond to Frazin's Motion to Quash, and for Frazin's failure to appear at her deposition, and for any such other and further relief as this Court deems just and proper. A proposed form of order is submitted herewith.

---

[10] Frazin's attorney asserts an extremely high hourly rate of nearly $800/hour for a sum of nearly $20,000 for a motion to quash that is replete with factual and legal mischaracterizations and repetition while being devoid of legal support. The rate and amount are patently unreasonable under the circumstances, Frazin cites no authority in support of reasonableness, and Frazin did not confer with MetroPCS regarding amount before filing the request.

## <u>LOCAL RULE 7.1(b) CERTIFICATE OF CONFERENCE</u>

Pursuant to N.D. Tex. L.R. 7.1(b), undersigned counsel for MetroPCS certifies that the Motion to Compel is opposed, that counsel for MetroPCS conferred with counsel for Petitioner regarding the discovery sought herein and was unable to reach an agreement, and Petitioner subsequently refused to appear for deposition and filed the last-minute Motion to Quash, necessitating MetroPCS's Motion to Compel.

Respectfully submitted, May 3, 2018.

By: _/s/ Stacey K. Sutton_ _____
April R. Terry
Attorney-in-Charge
Federal Bar No. 24205
SBT:  00794248
Email:  aterry@grayreed.com
Gray Reed & McGraw, P.C.
1601 Elm Street, Suite 4600
Dalls, Texas 75201
Tel:  (469) 320-6130
Fax: (469) 320-6828

James B. Baldinger
(*admitted in the Northern
District of Texas*)
Florida Bar No. 869899
Email:  jbaldinger@carltonfields.com
Stacey K. Sutton
(*pro hac vice pending*)
Florida Bar No. 270334
Email: ssutton@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
525 Okeechobee Boulevard, Suite 1200
West Palm Beach, Florida  33401
Tel: (561) 659-7070
Fax: (561) 659-7368

*Attorneys for Plaintiff*

16

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this day a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notification to the registered attorney(s) of record that the documents have been filed and are available for viewing and downloading.

Dated: May 3, 2018

*/s/ Stacey K. Sutton*
Stacey K. Sutton

17